UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LISIS MEJIA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| EQUIFAX INFORMATION SOLUTIONS LLC. ) | |
| ) | |
| Defendant ) | JURY TRIAL DEMAND |

## VERIFIED COMPLAINT

1. Plaintiff Lisis Mejia brings this action against Equifax Information Services, LLC ("Equifax") for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., by failing to provide a full, clear, and accurate disclosure of all information in her consumer file when she requested her annual file disclosure via AnnualCreditReport.com. This failure impeded Ms. Mejia's ability to dispute items on her report and caused significant stress and anxiety requiring therapy.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Equifax is a national consumer reporting agency subject to the FCRA.

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Plaintiff resides here.

**PARTIES**

5. Plaintiff Lisis Mejia is a natural person and a "consumer" under 15 U.S.C. § 1681a(c), residing in Weymouth, Massachusetts.

6. Defendant Equifax Information Services, LLC is a Georgia company with its principal place of business at 1550 Peachtree Street NW, Atlanta, GA 30309, and is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS**

7. On or about July 7th, 2025 Ms. Mejia requested her free annual file disclosure from Equifax via AnnualCreditReport.com. *See Exhibit A.*

8. Under 15 U.S.C. § 1681g(a), Equifax was required to provide a clear and accurate disclosure of all information in Ms. Mejia's file at the time of her request.

9. The disclosure Equifax provided (the "Equifax Disclosure") omitted full account identifiers, additional account-level details, and complete payment histories for multiple tradelines, including Sharon credit Union

10. On information and belief, those data elements existed in Equifax's internal file and were (and are) furnished in consumer reports Equifax sells to third parties.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

11. Equifax's practice of shortening/masking account numbers and suppressing supporting account details in file disclosures deprives consumers of the ability to identify, investigate, and dispute items, thereby frustrating the FCRA's accuracy and dispute framework.

12. Federal guidance has long warned against this practice. In the FTC Staff Opinion Letter to "Darcy" (June 30, 2000), the FTC stated that a CRA's routine truncation/masking of account (or SSN) numbers in file disclosures fails to comply with § 609 (15 U.S.C. § 1681g)'s requirement to disclose all information in the consumer's file and may also violate the statute's "clear and accurate" standard. *See Exhibit B (FTC "Darcy" Letter).*

13. Courts likewise recognize that § 1681g requires CRAs to provide all information in a consumer's file in a clear and accurate manner, and that masked/omitted identifiers can render disclosures noncompliant where consumers cannot reasonably identify their accounts (e.g., Washington v. Equifax, Case No. 3:19-cv-00154 (M.D. Tenn. June 12, 2019)).

14. Ms. Mejia is a single mother striving to improve her financial standing and correct her credit. The omissions in Equifax's disclosure materially interfered with her ability to match tradelines to her records and to submit targeted disputes.

15. The resulting confusion and prolonged inability to fix her credit have caused Ms. Mejia significant stress and anxiety, for which she sought therapy. *See Exhibit C (therapy documentation).*

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

16. Equifax's omissions are systemic. On information and belief, Equifax generates AnnualCreditReport.com disclosures using a standardized template and suppression logic that routinely hides most account identifiers and other account-level data.

17. Despite knowledge of consumer complaints and agency guidance, Equifax has failed to correct these practices.

18. Equifax's conduct was willful within the meaning of 15 U.S.C. § 1681n. In the alternative, it was negligent within the meaning of 15 U.S.C. § 1681o.

### COUNT I — FCRA: 15 U.S.C. § 1681g(a) (File Disclosure)

19. Plaintiff realleges paragraphs 1–18.

20. Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to provide Ms. Mejia a clear and accurate disclosure of all information in her file at the time of her request, including by omitting full account identifiers, additional account details, and complete payment histories for at least four accounts.

21. As a result, Ms. Mejia suffered actual damages, including emotional distress and therapy-related expenses, as well as loss of time and frustration impeding her efforts to correct her credit.

22. Equifax's violations were willful, entitling Ms. Mejia to statutory damages of up to $1,000, punitive damages, and costs and attorney's fees under 15 U.S.C. § 1681n. In the alternative, Equifax is liable for actual damages and fees under 15 U.S.C. § 1681o.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

## PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment in her favor and against Equifax and award:

a. Statutory damages up to $1,000 per violation, 15 U.S.C. § 1681n(a)(1)(A);

b. Actual damages (including for emotional distress and therapy), 15 U.S.C. §§ 1681n(a)(1)(A), 1681o(a)(1);

c. Punitive damages, 15 U.S.C. § 1681n(a)(2);

d. Costs and reasonable attorney's fees, 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2); and

e. Any other relief deemed just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 8-13-25

Respectfully submitted,

Lisis Mejia

580 Bridge Street APT 17B

Weymouth, MA 02191

Lovely7698@gmail.com

State of MA County of Suffolk
The foregoing instrument was acknowledged before me
/3  this 13 day of August, 20 25.
by in person: Lisis Mejia
_____ Notary Public
My Commission Expires 10/23/2031

5